LOTTINGER, Judge.
This matter is before us on an appeal taken by the plaintiff, Augustus Williams, from a Judgment rendered by the Trial Court rejecting his demands to enjoin the defendant from maintaining an allegedly unsightly fence built by the latter on his own property but very near the property line of plaintiff and constructed in such manner as to allegedly create the appearance and convey the impression that the fence was that of the plaintiff rather than the defendant.
The record shows that the plaintiff and defendant, Theodore Beverly, lived as next door neighbors in frame houses fronting on the south side of Curtis Street in Scotland-ville in the Parish of East Baton Rouge. Each party also owned vacant lots adjoining the rear of their homesites. These lots front on the north side of Harding Boulevard which is the next street lying south of Curtis Street. Williams built a new brick veneer home on his vacant lot fronting on Harding Boulevard and shortly thereafter after having first obtained a permit from the City-Parish Governing authorities, Beverly constructed the fence which is the subject matter of this lawsuit and which, while within his property line, is within six feet of the west wall of the Williams home. The evidence and photographs show that the fence is of wooden construction and that the materials used were second hand.
The principal authority relied upon by plaintiff is the holding of the Court of Appeal of the Second Circuit in the case of Parker v. Harvey et al., 164 So. 507. The facts of the Parker case show that for some eight years the plaintiff, as lessee, on a lot of ground in the City of Minden, had operated thereon a garage and filling station. Shortly before the institution of the suit, one T. C. Harvey, one of the defendants therein, leased a vacant lot on the west of that occupied by plaintiff, and, in the words of the Court, “immediately took steps to erect a filling station thereon and installed gasoline pumps near its eastern end. He also caused to be erected a wall from the western end of the lot towards the eastern end, nearly parallel with the street line for a distance of 85 feet. The wall from this point was extended, at an angle of about 45 degrees, a distance of 62.5 feet (including an opening of 121^ feet) to a point very close to the corner on the street common to both properties. This wall consisted of a wooden frame covered by metal sheathing and is 12 feet high. As constructed and located, the lower 40 feet of it completely obscures from the vision of motorists on Union street, going east, the pumps and other equipment of plaintiff until they are close to a point opposite the wall’s eastern end.”
In granting to the plaintiff the injunction prayed for, the Court held as follows:
“Notwithstanding defendants’ denial of any design or fixed purpose on their *293 part to annoy, interfere with, or injure plaintiff or his business, the facts of the case impel us to an opposite conclusion. Injurious effect upon his business by flaring the wall was clearly foreseeable by any intelligent observer; and as defendants operate a string of filling stations, to them such effect must have been obvious. We are not unmindful of the high order of private rights and privileges which perfect ownership superinduces, but there are limits to the exercise of such rights and privileges beyond which the owner is inhibited to go. As stated before, no fast rule can be laid down for guidance in all cases. The facts of the present case support the conclusion reached by us that defendants have exceeded the limitations above mentioned.” * * *
“The law definitely gives the owner the right to erect buildings and walls on property lines, even though inconvenience or damage to adjoining business may be caused, but such a permit does not imply the right to commit an un-neighborly act which inflicts material injury upon the business of the adjacent owner, and which at same time does not serve as a benefit to, or enhance the welfare or increase the profits of, the offender.
“The following articles of the Civil Code are pertinent to a discussion of the question involved:
“‘491. Perfect ownership — Power of disposition — N onresidents.— Perfect ownership gives the right to use, to enjoy and to dispose of one’s property in the most unlimited manner, provided it is not used in any way prohibited by laws or ordinances.
“ ‘Persons who reside out of the State, can not dispose of the property they possess here, in a manner different from that prescribed by its laws.’
" ‘505. Ownership of soil — Usque ad coelum et ad inferos. — The ownership of the soil carries with it the ownership of all that is directly above and under it.
“ ‘The owner may make upon it all the plantations, and erect all the buildings which he thinks proper, under the exceptions established in the title: of servitudes.
“ ‘He may construct below the soil all manner of works, digging as deep as he deems convenient, and draw from them all the benefits which may accrue, under such modifications as may result from the laws and regulations concerning mines and the laws and regulations of the police.’
“ ‘667. Sic utere tuo ut alienum non laedas. — Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.’ ”
A thorough examination of the Parker case and the authorities cited therein convince use that it is not controlling here. The defendant in this case is not interfering or injuring the plaintiff or his business. It may well be that the fence is not attractive but it appears from the record that the plaintiff is sincere in believing that it would serve some useful purpose with respect to controlling children and pets. We do not believe it to be an “unneighborly act” inflicting material injury to the plaintiff and at the same time in serving as a benefit to defendant as contemplated by the holding of the Court in Parker v. Harvey, supra.
Accordingly, we believe that the holding of the Trial Court in denying the relief prayed for is correct and the same is, therefore, affirmed.
Judgment affirmed.